**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| INTERNATIONAL PAINTERS | : | | |
| AND ALLIED TRADES INDUSTRY | : | | |
| PENSION FUND, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 04-1236 (RMU) |
| | : | | |
| v. | : | Document No.: | 7 |
| | : | | |
| K & J ERECTORS LLC, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM ORDER**

**GRANTING THE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

## I. INTRODUCTION

This case comes before the court on the plaintiff's motion for default judgment.  The plaintiff is a trust fund established under 29 U.S.C. § 186(c)(5) and multiemployer plan and employee benefit pension plan within the meaning of 29 U.S.C. § 1002(37), (2) and (3). Pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq*. ("ERISA"), the plaintiff seeks to recover delinquent funds due under various collective bargaining agreements, trust agreements and pension fund rules.  The plaintiff also alleges that the defendant failed to submit required reports or failed to provide all required information in various reports.

The plaintiff served the defendant with the complaint on August 9, 2004.  The defendant failed to respond, and the Clerk of the Court entered default against the defendant on September 1, 2004.  On June 17, 2005, the plaintiff moved for default judgment pursuant to Federal Rule of

1

Civil Procedure 55(b).  On March 16, 2006, the court ordered the defendant to show cause by

March 23, 2006 as to why the court should not enter default judgment against it.  The defendant

failed to respond to the court's show cause order.

## II.  ANALYSIS

A court has the power to enter default judgment when a defendant fails to defend its case

appropriately or otherwise engages in dilatory tactics.  *Keegel v. Key West & Caribbean Trading*

*Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980).  Rule 55(a) of the Federal Rules of Civil Procedure

provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is

sought has failed to plead or otherwise defend as provided by these rules."  FED. R. CIV. P. 55(a).

Upon request of the party entitled to default, Rule 55(b)(2) authorizes the court to enter against

the defendant a default judgment for the amount claimed and costs.  FED. R. CIV. P. 55(b)(2).

Because courts strongly favor resolution of disputes on their merits, and because "it

seems inherently unfair" to use the court's power to enter judgment as a penalty for filing delays,

modern courts do not favor default judgments.  *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir.

1980).  Accordingly, default judgment usually is available "only when the adversary process has

been halted because of an essentially unresponsive party[, as] the diligent party must be protected

lest he be faced with interminable delay and continued uncertainty as to his rights."  *Id.* at 836

(quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C.

Cir. 1970)).

Default establishes the defaulting party's liability for the well-pleaded allegations of the

complaint.  *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001); *Avianca, Inc. v. Corriea*,

1992 WL 102999, at *1 (D.D.C. Apr. 13, 1992); *see also Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 65 (2d Cir. 1986) (noting that "default concludes the liability phase of the trial").  Default does not, however, establish liability for the amount of damage that the plaintiff claims.  *Shepherd v. Am. Broad. Cos., Inc.*, 862 F. Supp. 486, 491 (D.D.C. 1994), *vacated on other grounds*, 62 F.3d 1469 (D.C. Cir. 1995).  Instead, "unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded."  *Adkins*, 180 F. Supp. 2d at 17; *see also Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (stating that the court must conduct an inquiry to ascertain the amount of damages with reasonable certainty).  The court has considerable latitude in determining the amount of damages.  *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993).  To fix the amount, the court may conduct a hearing.  FED. R. CIV. P. 55(b)(2).  The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment."  *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

The complaint set forth a *prima facie* case for relief.  Because the defendant has not responded to the complaint, motion for default judgment or the show cause order, the court concludes that the defendant has failed to defend its case.  *Keegel*, 627 F.2d at 375 n.5. Accordingly, the court enters default judgment in favor of the plaintiff.  *Id*.

Turning to the issue of damages, the plaintiff has produced an affidavit from Thomas C. Montemore, Assistant to the Fund Administrator of th International Painters and Allied Trades Union and Industry Pension Fund ("Fund").  Pl.'s Mot., Ex. 1.  Montemore's affidavit establishes that the defendant owes the Fund $4,963.40 in delinquent contributions, $127.60 in interest, and

3

$992.68 in liquidated damages.  Pl.'s Mot., Ex. 1 ¶¶ 6-9.  In addition, the defendant has incurred

attorney's fees and costs of $2,514.72.  Pl.'s Mot., Ex. 3.  The court has no contrary information

regarding the amount or availability of the requested damages.  Because the evidence supports

the plaintiff's claims for damages, attorney's fees, expenses and costs,  the court concludes that

the damages, attorney's fees, expenses and costs specified in the plaintiff's motion for default

judgment are warranted.  *Transatlantic Marine*, 109 F.3d at 111.  Finally, the plaintiff requests

injunctive relief directing the defendant to submit timely, accurate remittance reports and pension

contributions.  Pl.'s Mot. at 3.  Pursuant to 29 U.S.C. § 1132(g)(2)(E), the court may award

equitable relief.  The plaintiff's request merely restates the defendants' obligations under the

collective bargaining agreements and appear reasonable.  However, because damages must be

determined with reasonable certainty, the court  will not award undisclosed future attorney's fees

and costs of collection.  *Alcantara*, 183 F.3d at 155.

Accordingly, it is this 27th day of March, 2006,

**ORDERED** that the plaintiff's motion for default judgment is **GRANTED**.  A judgment

consistent with this memorandum order is separately and contemporaneously issued.

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge

4